UNITED STATES BANKRUPTCY COURT
SOTHERN DISTRIC OF NEW YORK
------------------------------------------------------------x
                                                   :

In re                                                :         Charter 11 Case No.

558/560 LLC.,

Debtor.

------------------------------------------------------------x

AFFIDAVIT OF ROSENDO A. FERMIN
PURSUANT TO RULE 1007-2 OF THE LOCAL BANKRUPTCY
RULES FOR THE SOUTHERN DISTRIC OF NEW TORK IN
<u>SUPPORT OF FIRST-DAY MOTIONS AND APPLICATIONS</u>

STATE OF NEW YORK       )
                                    )    SS:
COUNTY OF NEW YORK     )

        Rosendo Fermin, being duly sworn, hereby deposes and says:

        1. I am the Manager of 558 / 560 LLC (the "<u>Debtor</u>,") since 2005 and as such I am with the corporation day-to-day operation, businesses and financial affairs.

        2. This affidavit is made pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules") to assist the Court and other parties in interest in understanding the circumstances that compelled the commencement of this charter 11 case and in support of (i) the Debtor's petition for relief under charter 11 of the United States Code (the "<u>Bankruptcy Code</u>") filed in the date hereof (the "<u>Commencement Date</u>") and (ii) the relief, in the form of motions and applications, that the Debtor has requested of the Court.

        3. Except as otherwise indicated, all facts set forth in this affidavit are based upon my personal knowledge, or my opinion based upon experience, knowledge, and information concerning the Debtor's operations and financial affairs. If called upon to testify, I would testify competently to the facts set forth in this affidavit. I am authorized to submit this affidavit on behalf of the Debtor.

        4. Section I of this affidavit provides an overview of 558/560LLC

business. Section II describes the circumstances leading to the previous charter 11 case. Section III describes the circumstances giving rise to the Debtor's commencement of this charter 11 case. Section IV describes certain information required by Local Bankruptcy Rule 1007-2, and also explains how exigent circumstances made it impracticable to furnish all the schedules and other information required by that rule.

## I.
## The 558/560 LLC Business

5. 558/560 LLC is a corporation that owns two premises known as 558 West 184th and 560 West 184th Street (the "Premises") both under a single deed. They both are a mix of Single Rooms (SRO) and Class A apartments.

6. 558 West 184th Street is a walk up, 5 story building that contains 59 Single Room Occupancy (SRO), 1 Management Office and 1 Apartment at the basement level presently under renovation.

7. 560 West 184th Street is a walk up, 5 story building that contains 15 Single Room Occupancy (SRO), and 6 Apartments one of them at the basement level presently under renovation.

## II.
## Events Leading to the prior Charter 11 case

8. On September 12, 2006 Flushing Savings Bank lend 558/560 LLC $2,100,000.00 to pay existing mortgage and perform improvements in the premises.

9. The most important improvements in the premises were the correction of over 500 existing violations at the time among them were a few certificate of occupancy violations and in order to be correct those violations we had to vacated almost all rooms in 560 west 184th Street in order to eliminate illegal kitchens in the SRO and other room being used as SRO when they were part of apartments in the building.

10. That condition existed for many years and we proceed to vacate the rooms in order to removed appliances and pipes running thru the walls from the basement to the roof, sometimes holding off the job due to an existing tenant in the middle of the line were the work was being performed.

11. During this construction period we remained under 50% occupancy and our income was between 50% and 60% which let to debt accumulation.

12. In the second half of 2009 we were renting and being able to cover our expenses but still not fully rented and collecting between close to 70% of rent roll and we started to repay some of our past due obligations.

13. For the months of September to November 2009, 558/560 LLC premises were over 80% occupied and among those units we had rented over 30 SRO to people for whom rent was to be paid by a third party that was doing business with the New York City, under several programs and one related to a city program called work advantage, this program pays rent for a year and after the year is over is suppose to become a section 8 program for those who had applied to the section 8 program.

14. By December 2009 the year (12 months) for the tenants recipients of this program was already over and many were not in compliance with the employment requisite to receive this help nor were the program converted to section 8 or another program and many were advise to get public assistance (welfare). The third party keep promising payment but the last payment to us was for the month of August 2009. Leaving an unpaid balance of over $120,000.00 by the end of 2009.

15. Last payments received were small partial payments paid by the tenants themselves and income dropped from over $60,000.00 per month to $30,000.00 and then to less than $20,000.00.

16. We immediately started to vacate and made agreements that includes free rent and some payments to help with relocation which let to huge losses of income and accumulation of debt to support daily operation of the corporation and repairs since all room have to be repaired and painted as well as the common areas.

17. During the month of November 2009 558/560LLC refinanced the existing construction loan with Flushing Savings Bank which was converted to a permanent Five (5) years mortgage with the same Bank.

18. Previous to closing a title search was ordered in order to determined any outstanding debt to be considered at closing, such as taxes, water and sewer, other liens and pending judgments, closing cost and others.

19. Our attorney successfully reopen two supreme court cases that

mistakenly named 558/560LLC as one of the defendants and we are in the process of obtaining a dismissal. We're also, after compliance, about to get ECB fines dismissed or substantially reduced.

### III.
### Events Leading to this Charter 11 case

20. On November 3, 2010 Bankruptcy proceeding Case No. 10-12506 was dismissed because of the non-payment of post petition mortgage payments, because unemployment was very high and to get qualify tenants proof to be a difficult task. The City of New York was acting very slow in regards to relocations of homeless and to get tenants from those homeless programs took a little longer than we anticipated.

21. Before of the dismissal we had filed a plan in which we proposed to start payment of mortgage in February 2011 and keep renting and also start payments towards the arrears.

22. By the time of the dismissal we had discussed with the bank and we had an understanding of the time that would take to get the business back on track and agree that payment will start in February 2011 and with a possible loan modification to include those arrears and unify a single payment.

23. During the month of February 2011 we had 10 other rooms under contract with the City of New York, just waiting for lease signing and I met with bank representative and offered $40,000.00 payment and to continue regular payments as previously discussed and agreed. At the time the representative of the bank told that I needed $100,000.00 in order for them to consider reinstating the loan. I when to some possible investors in order to raise the funds and they ask me to get tenants and secure income and they will be able to furnish the necessary funds since the building have sufficient equity.

24. During the month of March the Advantage program was closed and we could not rent to the first 5 of 10 tenants that were to sign leases during March, but we secure 8 other tenants from other programs for April 1, 2011.

25. On March 18, 2011 without notice to 558/560LLC a receiver took over

the buildings giving the management to another Management Company and the rentals could not take place since we did not have authority to sing leases and the new management refused to rent to the new tenants. They reduced the necessary repairs, and cleaning to a minimum ordering the 558/560llc handyman not to do any repairs in the premises.

26. Repairs that were being done in house was now a quadruple expense since new Management will sent a company to do minor repairs instead of ordering the handyman now under their payroll to do those repairs. I continue doing as many repairs as possible without collection of rents in order to keep receiver expenses to a minimum and to provide the best possible service to the existing tenants. Their clear intention was to vacate the building and sell the building at a minimum possible price.

27. At this time we are pursuing several investors in order to reduce the arrears and we are in the middle of negotiations that will allow to fill up the vacant apartments busting the income to over $60,000.00 per month, which is more than sufficient to cover expenses including payments on arrears.

28. At this time we are ready to make regular monthly post petition payments and within 90 days start reasonable payments on arrears.

## IV.

### Information Required by Local Bankruptcy Rule 1007-2

In accordance with Local Bankruptcy Rule 1007-2(a)(3), and to the best of my knowledge, information, and belief, no creditors' committees were organized prior to the Commencement Date.

29. In accordance with Local Bankruptcy Rule 1007-2(a)(4), Schedule 1 hereto is a list of names, addresses, and, were available, telephone number of the creditors holding the 11 largest unsecured creditors claims against the Debtor.

30. The Debtor will submit schedules and other necessary statements which are not herein attached within 14 days of filing of this case.

31. The foregoing is true and correct to best of my knowledge, information and belief.

_____
Rosendo A. Fermin

Sworn to and subscribed before me, a notary public for the State of New York, this 3 day of May 2011.

_____
Notary Public

**MARIA M. MALAVE**
**Notary Public, State of New York**
**No. 02MA6223279**
QUALIFIED IN NEW YORK STATE
Commission Expires J U N E 07 2014